**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 13 |
| **Denise Schulz,** | Bankruptcy No. 17-27749 |
| Debtor. | Honorable Jacqueline P. Cox |

## NOTICE OF MOTION

**Please take notice** that on **Monday, February 22, 2021, at 10:00 A.M.,** or as soon thereafter as counsel may be heard, the undersigned attorneys shall appear before the Honorable Judge Jacqueline P. Cox, or any judge sitting in that judge's place, and present the Debtor's motion to modify her chapter 13 plan, a copy of which is attached.

**This motion will be presented and heard electronically using Zoom for Government.** No personal appearance is necessary or permitted. To appear and be heard on the motion, you must do the following:

**To appear by video**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

**Meeting ID and password.** The meeting ID for this hearing is 1612732896 and the password is 778135. The meeting ID and password can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

{00184582}

Dated: January 18, 2021             **Denise Schulz**

                                    By: */s/ Justin R. Storer*
                                       One of her Attorneys

Justin R. Storer (6293889)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel: (312) 373-7226
Fax: (847) 574-8233
Email: jstorer@wfactorlaw.com

# CERTIFICATE OF SERVICE

    I, Justin R. Storer, an attorney, hereby certify that on January 18, 2021, pursuant to Section II.B.4 of the Administrative Procedures for the Case Management/Electronic Case Filing System and Fed.R.Civ.P. 5(a), I caused a copy of the foregoing *Notice of Motion* and the accompanying *Motion* to be served electronically through the Court's Electronic Notice for Registrants on all persons identified as Registrants on the below Service List and by U.S. mail on all other persons identified on the attached Service List.

                                            */s/ Justin R. Storer*

## SERVICE LIST

**Registrants in the Case**
(Service via ECF)
**Marilyn O. Marshall, current standing trustee**


**Non-Registrants in the Case**
(Service via U.S. Mail)

**See service list following; all listed parties were served first-class mail, postage prepaid**

{00184582}

(p)JPMORGAN CHASE BANK N A
BANKRUPTCY MAIL INTAKE TEAM
700 KANSAS LANE FLOOR 01
MONROE LA 71203-4774

ECMC
ECMC
P.O. BOX 16408
ST. PAUL, MN 55116-0408

PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541-1021

Department Stores National Bank  c/
o Quantum3 Group LLC
PO Box 657
Kirkland, WA  98083-0657

ACS/CLC
501 Bleeker St.
Utica, NY 13501-2401

COLLEGE LOAN CORPORATION - TRUST 1 on behalf
Keith Coburn
MHEAC d/b/a ASA
100 Cambridge Street, Suite 1600
Boston, MA 02114-2518

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

Craig C. Westfall
1793 Bloomingdale Road
Glendale Heights, IL 60139-3800

(p)DSNB MACY S
CITIBANK
1000 TECHNOLOGY DRIVE MS 777
O FALLON MO 63368-2222

Old Second National Bank
1793 Bloomingdale Road
GLENDALE HEIGHTS, IL 60139-3800

ECMC
PO BOX 16408
ST. PAUL, MN 55116-0408

(p)ILLINOIS DEPARTMENT OF REVENUE
BANKRUPTCY UNIT
PO BOX 19035
SPRINGFIELD IL 62794-9035

Synchrony Bank/ABT
Attn:  Bankruptcy Dept.
PO Box 965060
Orlando, FL 32896-5060

JPMorgan Chase Bank, N.A.
c/o Five Lakes Agency, Inc.
P.O. Box 80730
Rochester, MI  48308-0730

Medical Business Bureau
PO Box 1219
Park Ridge, IL 60068-7219

Denise Schulz
1229 Lake Ave.
Wilmette, IL 60091-1662

Santander Consumer USA, Inc.
P.O. Box 961245
Fort Worth, TX 76161-0244

Synchrony Bank
c/o PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541-1021

TBF Financial, LLC
740 Waukegan Road
Suite 404
Deerfield, IL 60015-5505

USAA Savings Bank
10750 McDermott Freeway
San Antonio, TX 78288-1600

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 13 |
| **Denise Schulz,** | Bankruptcy No. 17-27749 |
| Debtor. | Honorable Jacqueline P. Cox |

## MOTION TO MODIFY CONFIRMED PLAN

Denise Schulz and her husband, Paul, owe a significant amount of joint debt – priority tax debt owed to the Internal Revenue Service. During the pendency of this chapter 13, various proceedings have taken place with respect to that tax debt. Due to these various proceedings – detailed more-fully below – Denise's scheduled plan payment is lower than the amount she is currently paying, and so the case appears, merely by the numbers, to be infeasible. Denise now makes this motion to increase her plan payment to $1,500 per month (that is to say, the amount she is currently paying). She anticipates that this will obviate the Trustee's rationale for seeking to dismiss her case.

## JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. 157 and 1334.

2. Venue is proper in this district pursuant to 28 U.S.C. 1408 and 1409. This motion is a core proceeding pursuant to 28 U.S.C. 157(b)(A) and (B).

## PROCEDURAL HISTORY

3. The Debtor and her husband, Paul Schulz, commenced this case by filing a petition for relief under chapter 13 of the United States Bankruptcy Code on September 15, 2017.

{00184582}

4. Paul, it so happens, was over the debt limit for chapter 13, and was dismissed from this case on November 27, 2017.

5. Denise's chapter 13 plan was confirmed on December 18, 2017, providing for, as relevant here, monthly payments of $1,500 per month for 60 months.

6. Denise and Paul owe a sizable joint debt – according to claim 1 on the claims register of this case, $85,887.66 to the Internal Revenue Service.

7. Paul, for his part, filed a chapter 7 bankruptcy (case 17-36079 in this Court), which was discharged on April 6, 2018.

8. During the timeframe after which Paul was dismissed from this case, he was contributing $750 per month to Denise's chapter 13.

9. Shortly after Paul's chapter 7 case closed, the Internal Revenue Service endeavored to levy Paul's wages. The IRS asserted it was not stayed by the codebtor stay of 11 U.S.C. 1301 (and Paul did not endeavor to impose some sort of equitable codebtor stay under 11 U.S.C. 105, for example).

10. In immediate need of protection, Paul filed chapter 13 case number 19-10543. Between Denise's case (now before this Court) and Paul's chapter 13, the Schulzes were endeavoring to pay all their tax debt. For this reason, Paul stopped paying Denise the $750 per month, and instead started funding his own plan.

11. To ratify that adjustment, on September 24, 2019, Denise lowered her plan payment in this case from $1,500 to $750, as it currently stands.

12. Paul's chapter 13 was dismissed on June 1, 2020. He lost his job and – due to the ongoing COVID-19 pandemic, among other reasons – was unable to find new employment sufficient to fund his plan.

13. With the dismissal of his chapter 13, Paul resumed helping Denise fund her plan.

14. As such, we are caught up to the present day: Denise's plan calls for payments of $750 per month, she's paying $1,500, and the Standing Trustee has filed a request to dismiss her case for infeasibility, due to the fact that it won't complete in time with a rate of payment at $750 per month.

## RELIEF REQUESTED

15. The Debtor requests that her plan be modified to increase her monthly payments to $1,500 per month.

## BASIS FOR RELIEF REQUESTED

16. Under section 1329 of the bankruptcy code, at any time after confirmation of the plan but before completion of payments under the plan, the plan may be modified to increase or reduce the amount of payments on claims of a particular class. Furthermore, if necessary, and if the Debtor is experiencing a material financial hardship due, directly or indirectly, to the COVID-19 pandemic, the duration of the plan may be extended for as long as 7 years.

17. Here, the Debtor is seeking to perform under her confirmed plan, and is able to do so. The fact that it appears her plan is unfeasible is due only to the interplay of the total aggregate that needs to be paid, alongside the fact that her required plan payment is less than she's actually paying. Rule 60(b)(6) provides that, on motion and just terms, the Court may relieve a party from an order due to any reason that justifies relief.

## NOTICE

18. The Debtor files this motion on no less than 21 days notice to all creditors, as required by Federal Rule of Bankruptcy Procedure 2002(a)(6). The Debtor has served notice of this motion, and this motion, by first-class mail, upon all creditors.

{00184582}

**Wherefore** the Debtor, Denise Schulz, prays this Court enter an order increasing her chapter 13 plan payments to $1,500 per month, finding that her plan may extend longer than 60 months if necessary due to the COVID-19 pandemic, and issuing such other relief as it may deem just and proper.

Dated: January 18, 2021                           **Denise Schulz,**

                                                By: */s/ Justin R. Storer*
                                                     One of her Attorneys

Justin R. Storer (6293889)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel: (312) 373-7226 | Fax: (847) 574-8233
Email: jstorer@wfactorlaw.com

{00184582}